FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 30 2022

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RUSSELL STEWART, individually, and on
behalf of all wrongful death beneficiaries,
and as administrator of the
ESTATE OF DEWEY R. STEWART;           PLAINTIFF

VS.    CASE NO. 4:22-cv-1286-KGB Baker
This case assigned to District Judge _____
and to Magistrate Judge __Volpe__

REYNOLDS METALS COMPANY,
ARCONIC INC. F/K/A ALCOA, INC.,
and JOHN DOE'S 1-10.                  DEFENDANTS

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Russell Stewart, individually and as administrator of the Estate of Dewey R. Stewart, and on behalf of all wrongful death beneficiaries thereof, complaining of the various Defendants listed below and would show the Court and Jury as follows:

### JURISDICTION AND VENUE

1. That this Court has jurisdiction over these causes of action pursuant to 28 U.S.C.A. §1332 because there is complete diversity between the Plaintiff and Defendants and damages sought exceeds the sum or value of $75,000 exclusive of interest and costs.

2. That this Court has personal jurisdiction over the parties pursuant to Ark. Code Ann. §16-4-101.

3. That venue is proper pursuant to 28 U.S.C.A. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4. The Plaintiff was duly appointed as the personal representative of the Estate of Dewey Stewart in Pulaski County, Arkansas Circuit Court (60-PR-19-1035) for the sole purpose of representing the Estate and wrongful death beneficiaries in this case. This cause of action is being properly brought in the name of the personal representative in accordance with Ark. Code Ann. §16-62-102(b)

5. Plaintiff is a resident of Cabot, Lonoke County, Arkansas.

6. Defendant, Reynolds Metal Company LLC (hereinafter "Reynolds Metal"), is a Pennsylvania corporation with its principal office located in Pittsburgh, PA. Reynolds Metal can be served with process through its designated agent: C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201. [Premises Defendant]

7. Defendant, Arconic, f/k/a ALCOA, INC. (hereinafter "Alcoa"), is a foreign corporation organized under the laws of Delaware whose principal office is located at 201 Isabella Street, Pittsburgh, PA 15212. This Defendant has not designated an agent for service in Arkansas and may be served pursuant to the Arkansas long-arm statute and Federal Rules of Civil Procedure by serving its registered agent for service of process, The Corporation Trust Company at 1209 Orange St., Wilmington, DE 19801. [Premises Defendant]

8. Defendants, JOHN DOE'S 1-10, represent the proper names of the Defendants and/or unknown defendants liable for the Plaintiff's damages (EX. A).

## FACTS

9. The deceased, Dewey Stewart, worked in the International Brotherhood of Electrical Workers (IBEW) when he found himself doing work at the Alcoa and Reynolds Metal facilities in various locations in Arkansas. Mr. Stewart performed his duties at these massive plants located at various locations in Arkansas from the early 1960's until late 1970, and regularly encountered asbestos insulation as he would work with and in close proximity to boilers, turbines, scrubbers, precipitators, breakers and high-pressure steam pipes with asbestos containing material. Further, he worked directly with asbestos containing electrical components as part of his work duties within the facilities. This work subjected Mr. Stewart to friable asbestos dust while he was performing his duties at these plants.

10. As a result, Mr. Stewart inhaled respirable asbestos dust and contracted incurable mesothelioma. Mr. Stewart's illness caused great disability during his life and eventually resulted in his premature death.

## CAUSE OF ACTION - NEGLIGENCE/PREMISES LIABILITY

11. All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

12. Defendants were negligent or reckless, including, but not limited to, the following particulars, each of which were a direct and proximate cause of Plaintiff's injuries and damages:

    a) In failing to adequately warn Dewey Stewart of the hazards associated with the inhalation of asbestos and asbestos dust while working as an invitee at Defendants' premises; and

b) In failing to exercise ordinary care to maintain the premises in a reasonably safe condition for Dewey Stewart.

## CAUSE OF ACTION - WRONGFUL DEATH (ALL DEFENDANTS)

13. All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

14. Dewey Stewart passed away as a result of his development of mesothelioma, which was caused by his occupational exposure to asbestos as described herein.

15. Plaintiff is entitled to and herein seeks all damages available pursuant to Arkansas Code Ann. §16-62-102 (Arkansas Wrongful Death statute) due to the wrongful death of Dewey Stewart.

## CAUSE OF ACTION - GROSS NEGLIGENCE (ALL DEFENDANTS)

16. All of the allegations contained in the previous paragraphs are re-alleged herein and incorporated fully herein.

17. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional and willful wrongful conduct and/or malice resulting in damages and injuries to Dewey Stewart. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Dewey Stewart or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors in interest,

consciously and or deliberately, engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Dewey Stewart and should be held liable in punitive and exemplary damages to Plaintiff.

### CAUSE OF ACTION - CONSPIRACY (ALL DEFENDANTS)

18. All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

19. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

20. Each of the Defendants knew or should have known that its individual actions would combine to cause the disabilities, illnesses and/or injuries.

21. The actions of each of the Defendants are a proximate cause of Plaintiff's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

### DAMAGES

22. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

   a. The Decedent's loss of life;

   b. The reasonable value of funeral expenses;

   c. The conscious pain and suffering of the Decedent prior to his death;

   d. Medical expenses attributable to Decedent's fatal injury;

   e. The value of any lost earnings by the Decedent prior to his death;

f. Any scars, disfigurement and visible results of the injury sustained by the Decedent prior to his death;

g. The reasonable expenses of any necessary help in Decedent's home that, prior to Decedent's death, was required as a result of the Decedent's injuries;

h. Mental anguish suffered and reasonably probable to be suffered in the future by the wrongful death beneficiaries; and

i. Punitive and exemplary damages. In support, the Plaintiff contends that the Defendants acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred.

## DISCOVERY RULE

23. Dewey Stewart suffered from an occupational illness which has a latency period and does not arise until many years after first exposure to toxic dust. Dewey Stewart's occupational illness did not distinctly manifest itself until he was diagnosed with mesothelioma.

24. Consequently, the discovery rule applies to this case and the statute of limitations has been tolled until the day that Dewey Stewart knew or had reason to know of his occupational illness.

## ALTERNATIVE PLEADINGS

25. The foregoing facts and theories are pled cumulatively and alternatively with no election of rights or remedies.

## JURY DEMAND

26. Plaintiff demands a trial by jury and tenders the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for his costs expended herein, for both pre-judgment and post-judgment interest at the highest legal rate, and for such other and further relief, both at law and equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted by:

Aaron L. Martin
AR Bar No. 2002086
MARTIN LAW FIRM
P.O. Box 3597
Fayetteville, AR. 72702
Telephone: (479) 442-2244
Facsimile: (479) 442-0134
aaron@martinlawpartners.com

and

*/s/ James C. Ferrell*
James C. Ferrell
TX State Bar No. 00785857
jferrell@jamesferrell-law.com
Matthew S. Dillahunty
TX State Bar No. 24087421
matthewd@jamesferrell-law.com
6226 Washington Ave., Suite 200
Houston, Texas 77006
Telephone: (713) 337-3855
Facsimile: (713) 337-3856

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RUSSELL STEWART, individually, and on
behalf of all wrongful death beneficiaries,
and as administrator of the
ESTATE OF DEWEY R. STEWART;   PLAINTIFF

VS.   CASE NO._____

REYNOLDS METALS COMPANY,
ARCONIC INC. F/K/A ALCOA, INC.,
and JOHN DOE'S 1-10.   DEFENDANTS

**PLAINTIFF'S JOHN DOE AFFIDAVIT**

I, Aaron L. Martin, attorney for the Plaintiff Russell Stewart, after being duly sworn, do state as follows:

1. That upon information and belief there remains proper parties to this action whose identity is unknown at this time.

2. That this unknown parties would be the true and correct name of the Defendants and/or unknown parties whose negligent actions and/or omissions were the direct and proximate cause of the damages alleged in Plaintiff's Original Complaint.

3. That this unknown parties have been designated in the Plaintiff's Original Complaint as John Doe #1-10

FURTHER, AFFIANT SAYETH NOT.

_____
Aaron L. Martin



VERIFICATION

STATE OF ARKANSAS )
)
COUNTY OF WASHINGTON )

SUBSCRIBED and SWORN to before me, a Notary Public, this ___ day of December, 2022.

_____
Notary Public

My Commission Expires:

March 5, 2032

